[No. 5013.    Decided April 18, 1904.]

## WASHINGTON IRON WORKS, *Respondent,* v. JAMES Mc-NAUGHT, *Appellant.*[1]

GUARANTY—CONSIDERATION.    There is sufficient consideration for a contract guaranteeing the payment for machinery sold and delivered on board of one of the purchaser's boats, where one dollar is the expressed consideration and the vendor refused to let the boat depart without payment of the balance due, and gave permission in consideration of the written guaranty.

SALES—DELIVERY—DEMURRAGE ON DELAY.    Nothing is due for delay in delivering machinery sold under a contract providing for $100 a day demurrage where, shortly before the day fixed, the contract was modified to include additional machinery and sixty days was given within which to manufacture the same, and the machinery was delivered in said time.

GUARANTY—EXTENSION OF TIME—ACCEPTANCE OF DRAFTS.    The acceptance of drafts extending the time for payment does not operate to discharge a guarantor, when they were drawn at his request or at the request of his agent, and for his benefit.

EVIDENCE—LETTERS—COMPETENCY—AUTHORITY OF AGENT.    Although a letter not shown to be signed by an authorized agent might not be competent as an independent letter, it is admissible when referred to in a letter of the duly authorized agent, where both letters are offered as one.

TRIAL—INSTRUCTIONS.    Instructions which are not justified by any evidence are properly refused.

Appeal from a judgment of the superior court for King county, Griffin, J., entered September 12, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a contract of guaranty.    Affirmed.

*Robert F. Booth* and *Root, Palmer & Brown,* for appellant.

*L. C. Gilman* (*Carr & Preston* and *Everett C. Ellis,* of counsel), for respondent.

[1]Reported in 76 Pac. 301.

MOUNT, J.—Plaintiff brought this action to recover $2,000 upon a written contract of guaranty made by defendant, guaranteeing the payment, by the Boston & Alaska Transportation Company, of all sums of money due to the plaintiff. The answer, after denying the allegations in the complaint, alleged three affirmative defenses: (1) That, at the time the action was brought, plaintiff was indebted to the Boston & Alaska Transportation Company for demurrage, in a sum in excess of the amount sued for; (2) that, after the contract of guaranty, plaintiff agreed to, and did, accept two certain drafts upon the Boston & Alaska Transportation Company, without the knowledge or consent of defendant, and thereby extended the time for the payment of the indebtedness due plaintiff from said Boston & Alaska Transportation Company; and (3) that plaintiff, subsequent to said guaranty, accepted receiver's certificates in satisfaction of the indebtedness owing from said Boston & Alaska Transportation Company. The reply denied the allegations of new matter in the answer. The cause was tried to the court and a jury. A verdict was returned in favor of the plaintiff for the full amount claimed. Defendant appeals from a judgment on the verdict.

At the close of the evidence appellant moved the court for a nonsuit. This motion was denied, and appellant assigns error thereon, and argues, (1) that the contract of guaranty was without consideration; (2) that the demurrage due the transportation company was more than the amount of respondent's claim; and (3) that the drafts drawn by respondent extended the time of payment of the obligation guaranteed by appellant.

All three of these questions were questions of fact for the jury. The evidence of the respondent showed that

there was an express consideration of one dollar for the contract of guaranty; and also, that, when the machinery, which was ordered from respondent by the Boston & Alaska Transportation Company, was delivered by the respondent to the said company on board of one of its boats, respondent refused to let the boat depart without payment of the balance of the contract price for the machinery; and that the appellant, in consideration of respondent's permitting the machinery to be taken away, made the written guaranty sued on. This evidence was not disputed, and, aside from the express consideration, was amply sufficient to support the contract of guaranty.

The same is true of the demurrage. The original contract provided that, if the machinery was not delivered on March 31, 1898, respondent should pay the transportation company $100 per day for every day thereafter that the machinery remained undelivered. But, a short time before the machinery was to be delivered, that contract was modified, and other machinery was included, and respondent given sixty days' additional time within which to manufacture the machinery. Within this sixty days, the machinery was delivered to the transportation company. This company, under this evidence, was clearly not entitled to any demurrage.

Upon the question of the drafts, the evidence is conclusive that they were drawn and time given at the request of appellant, or his agent, for the benefit of appellant. Appellant, after that time and with knowledge of the extension, assured respondent that he would pay the obligation. There was sufficient evidence to go to the jury upon each of these questions, and it was therefore not error to deny the motion.

Appellant assigns error upon the ruling of the court admitting two letters in evidence. These letters were

offered in rebuttal to show a change in the original con-
tract between respondent and the transportation company,
and an extension of the time within which the machinery
was to be furnished. They were certainly competent for
the purpose. It is true, the one signed by J. F. McNaught
might not, of itself, have been competent without show-
ing his authority, but it was not offered as an independent
letter. It was referred to in the letter from Lockwood,
who was proven to be the general agent of the transporta-
tion company, and was made a part of his letter. The
two letters were offered as one, which, in fact, they were.

Appellant alleges error in the refusal of the court to
give instructions requested, as follows:

"2. Any statement made by Mr. Ling as to his hav-
ing authority from the defendant to represent him is in-
competent to prove such authority, and you cannot con-
sider such statements made by Mr. Ling to Mr. Frink
or any one else, as proving Mr. Ling's authority from
the defendant, unless such statements were made by Mr.
Ling in the presence of the defendant.

"3. If the defendant told Mr. Frink that Mr. Ling
did look after defendant's business and attended to the
same in his absence, this would not be sufficient authority
to authorize Mr. Ling to bind the defendant by an ex-
tension which said Ling as treasurer might agree to do
with the plaintiff.

"4. If you find from the evidence that it was the in-
tention of both parties hereto that the defendant guaran-
teed the payment of the balance due upon the machinery
manufactured under the contract which has been offered
in evidence, and you further find that the machinery un-
paid for was manufactured under some other and differ-
ent contract or contracts, then your verdict must be for
the defendant.

"5. The court instructs you that only one contract is
mentioned in the pleadings in this case, and if the sum
which is sued for in this action is due upon machinery
which was manufactured, sold or furnished pursuant to

any other contracts or agreements, then your verdict must be for the defendant."

There was no evidence in the case to justify any of these instructions requested, and, if they had been given, they would have been confusing and misleading. It was, therefore, not error to refuse them.

We have examined the instructions which were given, and are satisfied that the cause was fairly and correctly given to the jury, and that the verdict was in accord with the evidence. The judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.